IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sierra Seed Internacional SA de CV, Sierra Seed Company, LLLP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Al Harrison Company Distributors,<br><br>　　　　Defendant. | No. CIV 13-206 TUC LAB<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion for default judgment filed by the plaintiff on May 15, 2013. (Doc. 13)  The defendant did not file a response.

The plaintiff in this case, Sierra Seed Internacional, brings an action for breach of contract under the CISG (the United Nations Convention on Contracts for the International Sale of Goods). (Doc. 1, p. 2). It moves for default judgment against the defendant, Al Harrison Company Distributors, which has failed to appear.

Magistrate Judge Bowman currently presides over this case pursuant to the Local Rules pending the consent of all parties. *See* LRCiv 3.7 (b). Because the defendant has not appeared, this report and recommendation will be directed to United States District Judge Raner C. Collins.

1    Factual and Procedural History

2    Sierra Seed is a Mexican corporation with its principal place of business in Nogales,
3    Sonora, Mexico.  (Doc. 1, p. 1)  Al Harrison is an Arizona corporation with its principal
4    place of business in Nogales, Arizona.  *Id*.

5    Sierra Seed sold to Al Harrison assorted seeds, which were invoiced on four separate
6    dates in July and August of 2011.  (Doc. 13-2, pp. 2-3)  Payment was due in November and
7    December of 2011, but despite repeated demands, it was not forthcoming.  *Id*.

8    On March 28, 2013, Sierra Seed filed a complaint in this court claiming breach of
9    contract pursuant to the CISG (the United Nations Convention on Contracts for the
10   International Sale of Goods).  (Doc. 1)  Sierra Seed invokes this court's federal question
11   jurisdiction.  (Doc. 1, ¶ 3)

12   "[I]nternational sales contracts are ordinarily governed by a multilateral treaty, the
13   United Nations Convention on Contracts for the International Sale of Goods ("C.I.S.G."),
14   which applies to contracts of sale of goods between parties whose places of business are in
15   different States when the States are Contracting States."  *Chateau des Charmes Wines Ltd.*
16   *v. Sabate USA Inc.*, 328 F.3d 528, 530 (9th Cir. 2003) (punctuation modified); *cert. denied*,
17   540 U.S. 1029 (2003).  The CISG is "the 'international analogue' to Article 2 of the Uniform
18   Commercial Code (UCC)."  *Dingxi Longhai Dairy, Ltd. v. Becwood Technology Group*
19   *L.L.C.*, 635 F.3d 1106, 1107 (8th Cir. 2011); *see* 19 I.L.M. 668, 672 (1980).  "[T]he
20   Convention's structure confirms what common sense (and the common law) dictate as the
21   universal elements of a breach-of-contract action: formation, performance, breach and
22   damages."  *Id*. at 1108 (punctuation modified).

23   Al Harrison was personally served with a summons and complaint on April 1, 2013.
24   (Doc. 8, p. 1)  It failed, however, to file a responsive pleading.  *Id*., p. 2.  On April 25, 2013,
25   Sierra Seed filed an application for entry of default, which was granted on May 8, 2013.
26   (Docs. 8, 9, 11)

27   On May 15, 2013, Sierra Seed filed the instant motion for default judgment.  (Doc.
28   13)  In its motion, Sierra Seed asks for default judgment pursuant to Fed.R.Civ.P. 55(b)(1)

1  on the assumption that its claim is for a sum certain.  Sierra Seed, however, asks, among
2  other things, for an award of reasonable attorney's fees; and reasonable attorney's fees
3  cannot qualify as a sum certain. *See Stolicker v. Muller, Muller, Richmond, Harms, Myers,*
4  *and Sgroi, P.C.*, 2005 WL 2180481, 5 (W.D.Mich. 2005);  *Flynn v. Mastro Masonry*
5  *Contractors*, 237 F.Supp.2d 66, 70 (D.D.C. 2002).  Accordingly, the court analyzes the
6  motion as though it were brought pursuant to Fed.R.Civ.P. 55(b)(2).

Discussion

After the entry of default, the court may issue a default judgment against a non-appearing party.  FED.R.CIV.P. 55(b)(2).  The decision to issue judgment is a matter left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  The court will assume the factual allegations made in the complaint are true, except those related to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

The court finds Sierra Seed is entitled to a default judgment. The defendant was served with process but failed to appear. (Doc. 13)  Accordingly, Sierra Seed would be without any other recourse should its motion be denied.  Assuming the factual allegations made in the complaint are true, Sierra Seed's claim has merit.  The cause of action, breach of contract for failure to pay, is a simple one.  It is unlikely that there would be a dispute as to the material facts.  Judgment should be entered for the plaintiff in the amount of $72,452.18  plus costs of $410.  (Doc. 13-2, p. 4); (Doc. 13-3, p. 3); *see also* FED.R.CIV.P. 54(d)(1).

1     Sierra Seed also requests prejudgment interest pursuant to A.R.S. § 44-1201 and
2 attorney's fees pursuant to A.R.S. § 12-341.01. (Doc. 13, p. 2) This court, however, is not
3 sitting in diversity, and the plaintiff provides no reason why these state statutes should apply
4 to this action. *See* (Doc. 1, ¶ 3)

6     <u>RECOMMENDATION</u>
7     The Magistrate Judge recommends the District Court, after its independent review of
8 the record, enter an order
9     GRANTING IN PART the motion for default judgment filed by the plaintiff on May
10 15, 2013. (Doc. 13)   Judgment should be entered against the defendant, Al Harrison
11 Company Distributors, in the amount of $72,452.18 plus costs of $410.
12     Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
13 14 days of being served with a copy of this report and recommendation. If objections are not
14 timely filed, they may be deemed waived. Reply briefs are not permitted under the Local
15 Rules.
16     DATED this 10th day of June, 2013.

                            *Leslie A. Bowman*
                             Leslie A. Bowman
                            United States Magistrate Judge