IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sierra Seed Internacional SA de CV, Sierra Seed Company, LLLP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Al Harrison Company Distributors,<br><br>　　　　Defendant. | No. 13-CV-206-TUC-RCC<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 13) and Magistrate Judge Leslie Bowman's Report & Recommendation ("R&R") (Doc. 14), recommending that the district court grant in part and deny in part Plaintiff's Motion for Default Judgment. For the following reasons, the Court will adopt the R&R.

### I. BACKGROUND

This Court fully incorporates by reference the "Factual and Procedural History" section of the R&R into this order.

On Marcy 28, 2013, Plaintiff filed a Complaint alleging breach of contract under the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). Defendant did not file a timely response to the Complaint and the Clerk entered default against Defendant on April 8, 2013 (Doc. 10). Plaintiff subsequently moved for default judgment (Doc. 13). Magistrate Judge Bowman has recommended that the district court grant Plaintiff's motion to the extent Plaintiff's claim is for a sum certain, but deny Plaintiff's

1  claims for attorney's fees and prejudgment interest, as these amounts are covered by state
2  statutes which do not apply in this case.  Further, Judge Bowman concluded that attorney's
3  fees are not sum certain, and are therefore unavailable to a party moving for default
4  judgment.  No objections have been filed to the R&R and the time to object has passed.

## II.  DISCUSSION

6  The duties of the district court in connection with a R&R are set forth in Rule 72 of
7  the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may
8  "accept, reject, or modify the recommended disposition; receive further evidence; or return
9  the matter to the magistrate judge with instructions.  FED.R.CIV.P. 72(b)(3); 28 U.S.C. §
10  636(b)(1).

11  Where the parties object to a R & R, "[a] judge of the [district] court shall make a *de*
12  *novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C.
13  § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).
14  When no objection is filed, the district court need not review the R & R *de novo. Wang v.*
15  *Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d
16  1114, 1121-22 (9th Cir.2003) (en banc).  Therefore to the extent that no objection has been
17  made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187
18  (9th Cir.1980) (failure to object to Magistrate's report waives right to do so on appeal); *see*
19  *also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist.*
20  *Court,* 501 F.2d 196, 206 (9th Cir.1974) (when no timely objection is filed, the court need
21  only satisfy itself that there is no clear error on the face of the record in order to accept the
22  recommendation).

23  The Court will not disturb a Magistrate Judge's Order unless his factual findings are
24  clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A).
25  "[T]he magistrate judge's decision ... is entitled to great deference by the district court."
26  *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). A failure to raise an
27  objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*,
28  158 F.3d 449, 455 (9th Cir. 1998).  A failure to object to a Magistrate Judge's conclusion "is

a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

Plaintiff has filed no objections to the R&R, which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). This Court considers the R&R to be thorough and well-reasoned. However, even after a thorough and de novo review of the record, the Court agrees with the Magistrate Judge's recommendation. Therefore, the Court will ADOPT the R&R of Magistrate Judge Bowman (Doc. 14).

**IT IS ORDERED** that Magistrate Judge Bowman's Report and Recommendation (Doc. 14) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED granting in part and denying in part** Plaintiff's Motion for Default Judgment (Doc. 13). Plaintiff's motion is **granted** as to Plaintiff's claim for the pre-interest amount due under the contract as well as Plaintiff's actual costs. Plaintiff's complaint is **denied** as to Plaintiff's claim for attorney's fees and Plaintiff's claim for prejudgment interest.

**IT IS FURTHER ORDERED** the Clerk shall enter judgment against Defendant Al Harrison Company Distributors, in amount of $72,452.18, plus costs of $410, and close this case.

DATED this 28th day of June, 2013.

_____
Raner C. Collins
United States District Judge